```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 07-22376-Civ-LENARD
                              MAGISTRATE JUDGE P.A. WHITE
EARL MURRAY,                  :

         Petitioner,          :

v.                            :        REPORT RE DISMISSAL
                                          §2254 PETITION
WALTER A. McNEIL,[1]          :         AS TIME BARRED

         Respondent.          :
_____
```

This petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 was filed on September 6, 2007.[2] The judgment of conviction for two counts of armed robbery in the underlying state criminal case, No. F00-016298, entered on a negotiated plea of guilty in Dade County, became final on December 13, 2004,[3] when the time expired during which the petitioner could have filed a direct appeal.[4] (DE#15:7-12).

The one-year period of limitation applicable to §2254 petitions is set out in 28 U.S.C. §2244(d), which provides:

---

[1] Walter A. McNeil, has replaced James R. McDonough as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. McNeil should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[3] Since the last date for filing the notice of appeal fell on Sunday, December 12, 2004, the petitioner would have had until the following Monday, December 13, 2004, for the filing of his notice of appeal. See Fla.R.App.P. 9.420(e).

[4] See Fla.R.App.P. 9.110(b); Demps v. State, 696 So. 2d 1296, 1297, n.1 (Fla. 3 Dist. 1997); Ramos v. State, 658 So.2d 169 (Fla. 3 Dist. 1995); Caracciolo v. State, 564 So.2d 1163 (Fla. 4 Dist. 1990); Gust v. State, 535 So. 2d 642 (Fla. 1 Dist. 1988).

1

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, since the petitioner's conviction became final after April 24, 1996, the effective date of the foregoing provisions, he does not receive the benefit of the one-year grace period applied by Eleventh Circuit and the majority of courts to counteract any retroactivity problems with the AEDPA's enactment. Cf. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209 (11 Cir. 1998); Goodman v. United States, 151 F.3d 1335 (11 Cir. 1998).

The AEDPA's limitations period is tolled by properly-filed applications for state postconviction relief. A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett,

2

531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)). This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[5] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5 Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

In this case, the petitioner was charged with and entered into a negotiated plea of *no contest* to two counts of armed robbery. (DE#15:Ex.7-12; DE#1:2). On November 12, 2004, he was adjudicated guilty and sentenced as a habitual violent felony offender to a term of 30 years in prison. (DE#15:Ex.7-12). No direct appeal was filed. It appears from the state court's docket and the petitioner's pleadings filed herein that his conviction was entered by the Clerk of Court on November 12, 2004. (Id.). His conviction became final at the latest on December 13, 2004, when time expired for filing a notice of appeal.

Approximately 132 days elapsed after the petitioner's conviction became final before he filed a motion for postconviction

---

[5]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

relief pursuant to Fla.R.Cr.P. 3.850 on April 24, 2005.[6] (DE#15:Ex.16-18). After receiving a copy of the state's response thereto, on August 10, 2005, the trial court entered an order finding as follows:

> The defendant's oath is legally insufficient under Florida Rule Criminal Procedure 3.850(c). See Miller v. State, 848 So.2d 401, 402 (Fla. 2d D.C.A. 2003); Oramas v. State, 615 So.2d 853 (Fla. 2d D.C.A. 1993); and Braun v. State, 789 So.2d 1250 (Fla. 4th D.C.A. 2001)(holding that oath in which the defendant swears that the statements contained in a 3.850 motion are true "to the best of my knowledge and belief" is inadequate under the Rule 3.850); Scott v. State, 464 So.2d 1171 (Fla. 1985); and Freeman v. State, 629 So.2d 276 (Fla. 1993).

(DE#15:Ex.23).

On August 22, 2005, the petitioner filed a motion to amend his

---

[6]The Eleventh Circuit has specifically found that the filing of an unsworn Rule 3.850 post-conviction motion does not toll the running of the statute of limitations because if it is not properly filed according to the state court's application of the written oath requirement. Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000). In Hurley, the petitioner did not immediately correct the oath omission but instead sought rehearing and then appealed the court's ruling before eventually filing a properly sworn post-conviction relief motion some months later. Id. at 1297. Hurley did not, however, consider the question of whether the petitioner's amendment to the original motion for post-conviction relief related back to the original filing so as to trigger the tolling provisions of §2244. Since Hurley, the Florida Supreme Court has held that when a lower court strikes a motion for post-conviction relief because it fails to comply with statutory filing requirements, it must also grant the petitioner a reasonable amount of time to amend to correct the deficiencies, and that an amended motion which is a "copy of the original with the oath added at the end" relates back to the original filing. Bryant v. State, 901 So.2d 810, 818-19 (Fla. 2005). See also Mederos v. United States, 218 F.3d 1252, 1253-54 (11th Cir. 2000)(district court erred by not finding that second §2255 motion related back to date of original § 2255 motion where second motion was identical to first except for addition of signature under penalty of perjury).

In this case, however, the issue of whether the amended Rule 3.850 relates back to the original Rule 3.850 motion need not be decided. Even if this court equitably tolls the limitations period from the filing of the petitioner's initial Rule 3.850 motion until the mandate issued following the denial of his amended Rule 3.850 motion, this federal petition is still time-barred.

Rule 3.850 motion, adding the proper oath and verification. (DE#15:Ex.24). While that motion was pending, the petitioner sought rehearing from the trial court's August 10, 2005 denial. (DE#15:Ex.26). On October 3, 2005 and again on November 2, 2005, rehearing was denied by the trial court. (DE#15:Exs.27-28). The petitioner appealed, and the appellate court affirmed dismissal of the motion without prejudice to the petitioner to refile within thirty days a motion containing the proper oath. (DE#15:Ex.30-31). The mandate issued on January 13, 2006. (DE#15:Ex.32).

Pursuant to the appellate court's instructions, on February 11, 2006, the petitioner returned to the state forum filing an amended Rule 3.850 motion. (DE#15:Ex.36-46). On February 22, 2006, the trial court entered an order summarily denying the motion finding that the allegations contained therein not constitute legal grounds for granting a trial or release of the petitioner, and further finding the motion insufficient to support the relief requested. (DE#15:Ex.57). That denial was subsequently affirmed on appeal without written opinion. Murray v. State, 944 So.2d 998 (Fla. 3 DCA 2006)(table). Rehearing was denied (DE#15:Ex.77), with the mandate then issuing on January 12, 2007. (DE#15:Ex.78).

Approximately 236 days elapsed thereafter before the petitioner next came to this court, instituting this federal proceeding on September 6, 2007. (DE#1). Since a total of 368 days passed between the time the petitioner's conviction became final and the filing of this federal petition during which no state court proceedings were pending, this petition is untimely.

An order was entered requiring the petitioner to state whether one or more of the four factors listed above justifies consideration of this petition for writ of habeas corpus. The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in

5

dismissal of the petition. (DE#4). On October 15, 2007, the petitioner filed a reply (DE#11) to this court's order maintaining that his federal petition was filed within one year of the conclusion of his state postconviction collateral proceedings. As discussed previously in this Report, there was over one year of untolled time during which no state collateral motions were pending which would toll the limitations period. Thus, this argument fails.

In his traverse (DE#16), the petitioner appears to argue that he is entitled to equitable tolling because he is actually innocent. The Eleventh Circuit has held that the Suspension Clause might require an exception to the §2254 statute of limitation where a petitioner can make a showing of actual innocence. <u>Wyzykowski v. Department of Corrections</u>, 226 F.3d 1213 (11 Cir. 2000). In the context of other types of procedural defaults in §2254 proceedings, however, it has been held that the actual innocence exception is extremely narrow and applies only in extraordinary cases where a petitioner can show new evidence of innocence so strong that the federal court cannot have confidence in the outcome of the state trial. <u>See</u> <u>House v. Bell</u>, 547 U.S. 518 (2006)(holding actual innocence requires substantive review only in extraordinary cases), <u>quoting</u>, <u>Schulp v. Delo</u>, 513 U.S. 298 (1995); <u>Arthur v. Allen</u>, 452 F.3d 1234, 1246 (11th Cir. 2006). The existence of even a meritorious constitutional violation, standing alone, is insufficient to meet this standard. <u>Id</u>. Thus, "[t]o be credible...a claim [of actual innocence] requires the petitioner to support his allegations of constitutional error with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995). In this case, the petitioner has fallen short of satisfying this standard. Accordingly, the actual innocence exception does not apply here, and equitable tolling of the limitations period is not

warranted.[7]

The petitioner also appears to argue that he suffered from a diminished mental capacity which somehow precluded him from timely filing this collateral motion. The Courts have recognized the possibility that mental incompetency might support equitable tolling of a limitation period. See Fisher v. Johnson, 174 F.3d 710, 715, citing, Hood v. Sears, Roebuck & Co., 168 F.3d 231, 232-33 (5 Cir. 1999). See also Calderon v. United States District Court (Kelly), 163 F.3d 530 (9 Cir. 1998)(en banc), cert. denied, 526 U.S. 1060 (1999)(holding that the petitioner's mental incompetency, "a condition that is, obviously, an extraordinary circumstance beyond the petitioner's control," rendered the petitioner unable to assist his attorney in the preparation of the petition, and therefore served to equitably toll the statute of limitations until after the district court made a competency determination); Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1268 (10 Cir. 1996)(holding that circumstances did not warrant equitable tolling where the party urging tolling had been able to pursue legal action during the period of his or her alleged incapacity).

A habeas petitioner must, however, allege more than the "mere existence of physical or mental ailments" to invoke the equitable tolling of the AEDPA's statute of limitations. Rhodes v. Senkowski, 82 F.Supp.2d 160, 173 (S.D.N.Y. 2000). The general federal rule is that a statute of limitations is tolled by reason of mental illness "only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7 Cir. 1996). A person seeking the tolling of the statute of limitations period has

---

[7] Review of the arrest affidavit reveals that the petitioner was waiting as a lookout in a vehicle from which others exited carrying pistols. These suspects then approached two victims, taking from them jewelry worth $22,000.00, $3,000.00 in cash, and two cellular phones. The suspects then returned to the vehicle and they all drove away.

7

the burden of showing that circumstances justifying tolling exists. Id. More specifically, a habeas petitioner has the burden of showing that mental health problems rendered him or her unable to file a habeas petition during the one year limitations period. Rhodes v. Senkowski, 82 F.Supp.2d at 173. Further, the courts have held that a brief period of incapacity during a one-year statute of limitations does not necessarily warrant equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 715 (5 Cir. 1999), cert. denied, 531 U.S. 1164 (2001).

In the instant case, other than the petitioner's self-serving assertions, there is no evidence whatever to justify equitable tolling of the statute of limitations on the basis of mental incompetence.[8] Theirs is nothing of record in the state postconviction proceedings to support any allegations nor did the petitioner submit any evidence which could suggest a finding that he suffered from any mental health disorder which prevented him from earlier challenging his conviction and sentence. Review of the records provided in the state forum reveals that the petitioner was examined by two mental health care professionals, both of which concluded that, while the petitioner has an "I.Q. of 70," he did not meet the criteria for "mental retardation." (DE#15:129-142). Nothing in those reports suggests that the petitioner was suffering from a mental disease or defect which precluded him from understanding the nature of the proceedings. The petitioner has not supplied this Court with any medical records, institutional records, affidavits, etc. which would support his assertion of reduced mental capacity either at the change of his plea proceeding in the state forum or during the subject federal limitations period. The petitioner's cursory allegations regarding his claimed mental health condition(s) and effect on this federal proceeding

---

[8]Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

are inadequate, without relevant supporting evidence, to establish an extraordinary circumstance sufficient for equitable tolling to apply. Without more, this Court is not required to make a fact finding inquiry in this proceeding based simply on petitioner's general, self-serving allegations.

Further, even accepting as true that the petitioner suffered from some sort of mental ailment during the pertinent time period, the mere fact that he suffered with such a condition during this time is insufficient to show that the petitioner was prevented by any alleged lack of mental capacity from timely pursuing federal habeas corpus relief. The petitioner has not demonstrated that his alleged mental illness rendered him unable to pursue his legal rights during the relevant time period. In other words, the petitioner has failed to establish a causal connection between his alleged mental incapacity and his ability to file a timely federal habeas petition. Mental incompetence, standing alone, is not a sufficient reason to toll the applicable limitation period. Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11 Cir. 2005); Bilbrey v. Douglas, 124 Fed.Appx. 971, 973 (6 Cir. 2005)(finding equitable tolling not applicable because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); Green v. Hinsley, 116 Fed.Appx. 749, 751 (7 Cir. 2004)(finding that equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); Fisher v. Gibson, 262 F.3d 1135, 1145 (10 Cir. 2001)(petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period); Lake v. Arnold, 232 F.3d 360, 371 (3 Cir. 2000).

In light of the foregoing, it is apparent that the petitioner has failed to demonstrate that his mental health status in any way adversely affected his ability to file a timely federal habeas

petition. In other words, the petitioner's I.Q., does not establish that he was mentally incapacitated during the relevant time period. There is no evidence of record whatever that the petitioner was not capable of pursuing federal habeas corpus relief before the expiration of the one-year limitation period. Consequently, this Court, therefore, may not, and does not, consider petitioner's alleged mental health conditions in connection with the instant petition. See Ellis v. Stephens, 2006 WL 871125, *3-6 (M.D. Ga. 2006).

The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity. See Brown v. McKee, 232 F.Supp. at 768. Because the petitioner was able to seek post-conviction relief in the state trial court while suffering from an alleged diminished mental capacity, he was not so mentally incompetent as to warrant equitable tolling of the limitations period for bringing his habeas petition. Id.

In any event, even if any or all of the above-listed reasons asserted were meritorious, for equitable tolling to apply, the petitioner must not only demonstrate "rare and exceptional circumstances," see Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310 at 1312; Sandvik v. United States, 177 F.3d at 1271; Davis v. Johnson, 158 F.3d 806 (5 Cir. 1998), cert. denied, 526 U.S. 1074 (1999), the petitioner must also "diligently pursue his §2254 relief." See Coleman v. Johnson, 184 F.3d 398, 403 (5 Cir. 1999), cert. denied, 529 U.S. 1057 (2000). See also Diaz v. Secretary for Dept. of Corr., 362 F.3d 698, 702 (11 Cir. 2004)"[E]quitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence.") (emphasis supplied).

The record does not demonstrate that the petitioner acted diligently, a burden necessary to sustaining his claim of extraordinary circumstances. Drew v. Department of Corrections, 297 F.3d 1278, 1288 (11 Cir. 2002). Review of the record in this case reveals that the petitioner did not pursue the process with diligence and alacrity. He has, therefore, not sustained his burden of proving that the factual predicates of this case warrant equitable tolling. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984). See also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect). "[E]quity is not intended for those who sleep on their rights." See Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999), citing, Convey v. Arkansas River Co., 865 F.2d 660, 662 (5 Cir. 1989).

Further, the record does not demonstrate that the petitioner was in any way impeded by any unconstitutional state action in pursuing any possible direct appeal, state postconviction relief and appeal from the denial of such relief, or filing this federal petition for writ of habeas corpus. Finally, the petitioner's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311 (2005) (stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005) (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

In conclusion, the record does not support application of the

11

equitable tolling doctrine or any other exception to the limitations period. Accordingly, the time-bar is ultimately the result of the petitioner's failure to timely and properly institute state postconviction proceedings then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted on September 6, 2007 is untimely, the petitioner's claims challenging the lawfulness of his conviction and sentence are now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits. As the Northern District of Florida aptly stated with regard to statutes of limitations:

> [A]lthough application of the statute of limitations might appear harsh, that is always the case with statutes of limitation. By definition, statutes of limitation preclude presentation of a plaintiff's or petitioner's claims on the merits. Harsh as they are, statutes of limitation serve important interests. And harsh as it might seem, statutes of limitation establish hard and fast deadlines, subject to tolling under various circumstances but not subject to being held inapplicable simply because a plaintiff or petitioner came close. *The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late.*

(emphasis added). Turner v. Singletary, 46 F.Supp.2d 1238, 1240 (N.D.Fla. 1999). As was true in Turner, the harshness in the instant case is mitigated by the fact that it appears clear from full review of the record provided by the respondent that petitioner would not have been entitled to relief in this Court even had he filed his petition in a timely manner. The rejection of the petitioner's claims by the trial court in the postconviction proceeding, appear factually reasonable and in accordance with applicable federal principles. Consequently, the petitioner would not be successful in this habeas corpus proceeding. See 28 U.S.C.

§2254(d); See Williams v. Taylor, 529 U.S. 362 (2000). No fundamental miscarriage of justice will result in the dismissal of the instant petition as time-barred, as the petitioner claims.

For the foregoing reasons, it is recommended that this petition for writ of habeas corpus be dismissed, as time barred.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 2nd day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Earl Murray, Pro Se
      DC#544891
      Okeechobee Correctional Institution
      3420 N.E. 168th Street
      Okeechobee, FL 34972-4824

      Richard L. Polin, Ass't Atty. Gen'l
      Office of the Attorney General
      Department of Legal Affairs
      444 Brickell Avenue, Suite 650
      Miami, FL 33131