UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22376-CIV-LENARD/WHITE

**EARL MURRAY**,

      Petitioner,

vs.

**WALTER A. McNEIL**,

      Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (D.E. 17); DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254 (D.E. 1); AND DISMISSING CASE

**THIS CAUSE** is before the Court on the Report and Recommendation of the Magistrate Judge ("Report," D.E. 17), issued on April 2, 2008. In his Report, Magistrate Judge White thoroughly addresses Petitioner Earl Murray's claims in his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition," D.E. 1), and recommends that the Court deny the Petition.

On or about May 8, 2008, Petitioner filed his Objections to the Magistrate's Report ("Objections," D.E. 20). Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Report, the Objections, and the record de novo, and finds as follows:

### I. Background

Petitioner was charged with and entered into a negotiated plea of "no contest" to two counts of armed robbery. (D.E. 17 at 3.) On November 12, 2004, he was adjudicated guilty

and sentenced as a habitual violent felony offender to a term of 30 years in prison. (Id.) Petitioner did not file a direct appeal from his conviction. (Id.) Petitioner's conviction became final on December 13, 2004, when the time expired for filing a notice of appeal.

On April 24, 2005, approximately 133 days after his conviction became final, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Cr. P. 3.850. (D.E. 15 at 5.) On February 11, 2006, Petitioner refiled his motion for postconviction relief after remedying several pleading deficiencies in his motion. (D.E. 17 at 4-5.) On February 22, 2006, the trial court entered an order summarily denying the motion. (Id. at 5.) That denial was subsequently affirmed on appeal without written opinion. (Id.) Rehearing was denied, with the mandate issuing on January 12, 2007. On September 6, 2007, 236 days after the mandate issued, Petitioner filed the instant Petition.[1] (Id. at 1 (applying the Eleventh Circuit's mailbox rule, Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).)

II.   **The Magistrate's Report**

The Magistrate Judge found that, under the one year period of limitations applicable to § 2254 petitions, the Petition is untimely. (D.E. 17 at 5.) The Magistrate Judge found that 368 days passed between the time Petitioner's conviction became final and the filing of the Petition during which no state court proceedings were pending,. (Id.) Additionally, the Magistrate Judge found that Petitioner has failed to demonstrate why equitable tolling is appropriate in this case. Specifically, the Magistrate Judge found that Petitioner fails satisfy

---

[1] The Report contains a more detailed breakdown of the Petitioner's state court appellate history and the corresponding dates. (See D.E. 17 at 3-5.)

the extremely weighty evidentiary burden to make a showing of actual innocence. (Id. at 6-7.) The Magistrate Judge also found that Petitioner has failed to demonstrate that he suffered from mental incompetency that might support equitable tolling of § 2254's limitation period. (Id. at 7-10.) Additionally, the Magistrate Judge found that, even if Petitioner could demonstrate the "rare and exceptional circumstances" justifying equitable tolling, he could not also prove that he diligently pursued § 2254 relief, thereby dooming his claim. (Id. at 10.)

### III.   Petitioner's Objections

Petitioner begins his Objections by contending that the "procedural history reveals he was eighteen (18) days within the 1 year limitation." (D.E. 20 at 1.) Petitioner then fails to provide any calculations supporting his contention. Petitioner argues that the Magistrate Judge wrongfully dismissed his "actual innocence" claim because, as there are no records/transcripts showing the guilty plea proceedings, the state appellate court and the Magistrate did not have a complete record. (Id. at 2-3.) Petitioner also argues that he was mentally disabled during the period between his conviction becoming final and the filing of his Petition, thereby justifying equitable tolling. (Id. at 4-5.)

### IV.   Discussion

Petitioner's objection that he filed eighteen days within the one year limitations period is conclusory and articulated without any valid factual or legal basis. Additionally, Petitioner's "actual innocence" objection does not provide a valid ground for equitably

3

tolling the limitations period - Petitioner appears to be arguing that because the state court and the Magistrate Judge did not have complete records, Petitioner "entered a guilty plea to a crime he was neither involved in and not guilty of." (D.E. 20 at 3.) This is simply insufficient to establish actual innocence. See House v. Bell, 547 U.S. 518, 536 (2006) (discussing the stringent standard for proving "actual innocence" claims in federal habeas petitions).

Petitioner's objection that he was mentally retarded during the expiration of the limitations period fails as well. Federal courts have recognized that mental incompetency might support equitable tolling of a limitations period. See Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Although Petitioner claims that the mental health reports contained in the record demonstrate that he is mentally retarded, the reports indicate otherwise. There are two psychological evaluations in the record, one by Dr. Hilda M. Lopez and one by Drs. Hyman H. Eisenstein and Esther L. Selevan. (See D.E. 15 at 129-142.) Dr. Lopez writes in her report that none of the psychological tests conducted on Petitioner during his developmental years yield scores which classify him as mentally retarded, but rather as learning disabled. (Id. at 132.) Petitioner has scores that put him within the borderline range of intellectual functioning. (Id.) Similarly, Drs. Eisenstein and Selevan reported that Petitioner's IQ is within the borderline range of intellectual functioning. (Id. at 141.) While Drs. Eisenstein and Selevan reported that Petitioner met the criteria for "diminished capacity due to his long standing cognitive, emotional, and substantive abuse problems," (id. at 142)

in order to equitably toll the limitations period, Petitioner must "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." <u>Lawrence v. Florida</u>, 421 F.3d 1221, 1226 (11th Cir. 2005). Petitioner was able to timely pursue his state court appeals despite his claimed mental incapacitation. Thus, even assuming that Petitioner is mentally incapacitated, he is unable to establish the necessary causal connection to justify equitable tolling.

Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that:

1. The Report of Magistrate Judge Patrick A. White (D.E. 17), issued on April 2, 2008, is **ADOPTED**.

2. The Petition for Writ of Habeas Corpus Pursuant 28 U.S.C. § 2254 (D.E. 1), filed on or about September 6, 2007, is **DISMISSED**.

3. This case is **CLOSED**.

4. All pending motions not otherwise ruled upon are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida this 20th day of June, 2008.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

cc: U.S. Magistrate Patrick A. White

Petitioner Earl Murray, _pro se_

Counsel of Record